IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CALVIN LEROY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-135 |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.   SCREENING OF THE AMENDED COMPLAINT

   A.   BACKGROUND

Plaintiff names the Department of Veterans Affairs as the sole Defendant. (Doc. no. 6, pp. 1, 3, 7.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is a United States military veteran who "is currently under confirmed VA Hardship Flag" and has several pending disability compensation claims. (Id. at 3.) On February 9, 2025, he submitted a Freedom of Information Act ("FOIA") request to Defendant on VA.gov

for the results of a Compensation and Pension examination related to his erectile dysfunction, tinnitus, insomnia, and depression. (Id.) He filed a second FOIA request with Defendant on April 7, 2025, "seeking additional documents, including the full medical intake and psychological evaluation associated with the [Compensation and Pension] exam on April 26, 2025."[1] (Id.) Since filing his FOIA requests, Plaintiff has observed retaliatory conduct on behalf of Defendant's personnel. (Id.) On May 1, 2025, Plaintiff submitted a complaint to the White House VA Hotline regarding the "FOIA non-responsiveness and retaliatory action against his disability claims." (Id.)

As of June 18, 2025, Defendant has not fulfilled either FOIA request although "[t]he statutory deadline for production has passed without the required records being delivered or a proper denial issued." (Id.) Plaintiff seeks production of the requested records, the production of a Vaughn Index for any withheld documents, as well as other forms of relief. (Id. at 4, 9.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a FOIA claim against Defendant. See Kissinger v. Reps. Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980) ("Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"); Taylor v. Appleton, 30 F.3d 1365, 1368 (11th Cir. 1994) (explaining "requirements for constructive exhaustion arguably were met" to allow suit where agency acknowledged receipt of plaintiff's FOIA request but failed to respond within statutory time frame). Accordingly, process shall issue as to Defendant.

---

[1] The amended complaint provides an evaluation date of April 26, 2025, even though Plaintiff states he filed a second FOIA request on April 7, 2025, which is a date that predates the alleged evaluation date. (Doc. no. 6, p. 3.) Because it seems unlikely Plaintiff filed a FOIA request for a medical evaluation that had not yet occurred, the Court presumes Plaintiff mistakenly typed 2025 as the year of this evaluation. Nonetheless, because Plaintiff arguably states a FOIA claim, this discrepancy need not delay the Court.

## II.  INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant.  The United States Marshal shall effect service of the amended complaint, (doc. no. 6), on the required government officers and agencies in accordance with Federal Rule of Civil Procedure 4(i) and shall include a copy of this Order with the summons and Complaint.  Service must be effected within ninety days of the date of this Order.  See Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the Defendant, or upon its defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or its counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant.  Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.  The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 24th day of June, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA