IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CALVIN LEROY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 125-135 |
| ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Before the Court is Plaintiff's "Motion to Commence Early Discovery and Preserve Evidence," in which he seeks to serve up to five interrogatories and up to five document production requests on Defendant prior to the Rule 26(f) conference. (Doc. no. 10.) He also seeks an order directing Defendant to preserve certain evidence. (Id.) Plaintiff contends "time-sensitive evidence is at risk of being altered or destroyed, including electronic records, examiner assignments, and [Freedom of Information Act ("FOIA")] intake documentation." (Id. at 1.)

Plaintiff's motion for discovery is premature. At this stage of the case, Defendant has not yet appeared and thus, discovery requests are premature. See Loc. R. 26.1(d)(i). The Court directed service on Defendant on June 24, 2025, and the time to accomplish service has not yet passed. (See doc. no. 7.) Indeed, summons were issued on June 26, 2025, (doc. no. 11), and Plaintiff acknowledges Defendant has not yet appeared, (doc. no. 10, p. 1).

Additionally, discovery requests must also be served on the party from whom the discovery is sought and should not be filed routinely with the Clerk of Court.  See generally Fed. R. Civ. P. 26 through 37; Loc. R. 26.4.  Furthermore, in an action alleging FOIA violations such as this one, discovery is generally not necessary.  See Tamayo v. U.S. Dep't of Just., 544 F. Supp. 2d 1341, 1343 (S.D. Fla. 2008) ("As a general rule, courts have disallowed discovery in FOIA actions or have permitted discovery, when deemed necessary, only on a limited basis." (citations omitted)).  Typically, discovery is only allowed "only after the agency has moved for summary judgment and submitted supporting affidavits or declarations." Id. (citing Miscavige v. I.R.S., 2 F.3d 366, 369 (11th Cir. 1993)).  In such a circumstance, "limited discovery can be allowed when the plaintiff can show evidence of agency bad faith or that an exemption should not apply." Tamayo, 544 F. Supp. 2d at 1344.  Accordingly, Plaintiff's request to propound discovery is premature, and he further fails to establish discovery is currently necessary in this FOIA action.

Regarding his request for the preservation of evidence, Plaintiff does not provide any specific facts showing that any relevant evidence in this case is in danger of being destroyed.  (See doc. no. 10.)  Instead, his contention about "time-sensitive evidence" being "at risk" of destruction is too vague and speculative, as he provides no specific information demonstrating the alleged destruction is imminent.  "Absent such facts, the Court's ability to impose sanctions for the destruction of evidence is sufficient to protect Plaintiff's interests in ensuring the preservation of any evidence necessary to his case." Bowers v. Coleman, No. 520CV00023, 2020 WL 4915432, at *4 (M.D. Ga. July 28, 2020), *adopted by* 2020 WL 4906047 (M.D. Ga. Aug. 20, 2020) (citing Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944-45 (11th Cir. 2005)).  Moreover, the Court has no reason to doubt that Defendant's counsel, once Defendant makes an appearance, will be well aware of the duty to preserve evidence.  If Plaintiff becomes aware of facts that show that

2

relevant evidence may be destroyed or that such evidence has already been destroyed, Plaintiff may make an appropriate motion at that time.

For these reasons, the Court **DENIES** Plaintiff's motion. (Doc. no. 10.)

SO ORDERED this 27th day of June, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA