IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CALVIN LEROY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 125-135 |
| ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Before the Court is Plaintiff's "Motion for *In Camera* Review of [Disability Benefits Questionnaires] and Retaliatory [Veterans Affairs] Actions," in which he asks the Court to conduct an *in camera* review of certain "key evidence" held by Defendant pursuant to 5 U.S.C. § 552(a)(4)(B). (Doc. no. 15.) Plaintiff contends the agency records at issue "appear tampered with," and accordingly, "[i]n camera review is the only path to determine the truth and restore evidentiary integrity." (Id. at 1.)

Plaintiff correctly notes § 552(a)(4)(B) permits courts to review agency records *in camera* to determine whether they were properly withheld under any applicable Freedom of Information Act ("FOIA") exemptions. See 5 U.S.C. § 552(a)(4)(B). Moreover, "[i]n a FOIA case . . . '[t]he burden is squarely on the government to prove that the information in question is covered by one of the exemptions.'" Scott v. Treasury Inspector Gen. for Tax Admin., No. 18-80366-CIV, 2018 WL 3689095, at *2 (S.D. Fla. June 20, 2018) (quoting Ely v. F.B.I., 781 F.2d 1487, 1489–90 (11th

Cir. 1986)).  Furthermore, "[t]he Court is not required to review documents *in camera* . . . in every case."  Broward Bulldog, Inc. v. U.S. Dep't of Just., No. 12-61735-CIV, 2014 WL 2999205, at *2 n.1 (S.D. Fla. Apr. 4, 2014).

Plaintiff's motion for *in camera* review is due to be denied for several reasons.  First, his motion is premature.  Here, the case is in its early stages, as Defendant has not yet filed an answer, nor has a scheduling order yet been issued.  Thus, it is unclear what exemptions may or may not be at issue, if any are at all,[1] much less has Defendant "had the opportunity to try to prove that it properly invoked any FOIA exemptions."  Scott, 2018 WL 3689095, at *2.  After all, Defendant can satisfy this burden through other means.  Id.  Moreover, Plaintiff does not seek *in camera* review to determine whether the records were properly withheld under any applicable FOIA exemptions, as § 552(a)(4)(B) outlines.  Rather, he seeks *in camera* review regarding purported tampering with the agency documents, which this statute does not address.

Accordingly, because there is currently no reason for the Court to conduct an *in camera* review of the agency records, Plaintiff's motion is **DENIED**.  (Doc. no. 15.)

SO ORDERED this 24th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In a supplemental filing, Plaintiff states Defendant released some records responsive to his FOIA requests.  (Doc. no. 13, p. 1.)  Nonetheless, the Court declines to decide at this time whether this action is now moot.  See Corbett v. Transp. Sec. Admin., 968 F. Supp. 2d 1171, 1189 (S.D. Fla. 2012) (explaining "in 'instances where an agency has released documents, but other related issue[s] remain unresolved, courts frequently will not dismiss the action' as moot" (quoting McKinley v. FDIC, 756 F. Supp. 2d 105, 110 (D.D.C. 2010))), aff'd by 568 F. App'x 690 (11th Cir. 2014).

2